FILED

2008 AUG 29 P 1:51

US. DISTRICT COURT
BRIDGEPORT, CONN.

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

TIIMOTHY BOTTONE, MATHEW            :
DEYSENROTH, ROBERT DIAZ,
MICHAEL J. DONOVAN, STEVEN          :
EARLJOSEPH LACHIOMA,
ROBERT NOVAK, DAVID PURCELL,  :
MICHAEL RAFFALO,
PHILIP REEVES, and                  :
TIMOTHY RICHMOND
                    **Plaintiffs**   :     CIV. NO. : 3:08CV1320(JCH)

v.                                   :

                                     :

CITY OF BRIDGEPORT,
CIVIL SERVICE COMMISSION OF          :
THE CITY OF BRIDGEPORT AND
RALPH JACOBS                         :
                    **Defendants.**        **AUGUST 29, 2008**

## NOTICE OF REMOVAL

To the Honorable Judges of the United States District Court for the District

of Connecticut.

The removing parties, City of Bridgeport, City of Bridgeport Civil Service

Commission and Ralph Jacobs, by and through the undersigned attorney,

respectfully aver the following:

1.      The removing parties are Defendants in the above referenced

action which was initiated in the State of Connecticut Superior Court for the

Judicial District of Fairfield at Bridgeport with a Return Date of September 9, 2008 bearing Docket No. FBT CV-FBT-CV-08-4025850.  A true and accurate copy of the Summons and Complaint are attached hereto as Exhibit 1 and constitute all process, pleadings and orders in this action.

2.    The Plaintiffs allege that they are employed by the City of Bridgeport Fire Department and specifically they allege that they are candidates for the position of fire lieutenant in said department. The Defendants in the case are the City of Bridgeport, City Bridgeport Civil Service Commission and Ralph Jacobs who is the personnel director for the City of Bridgeport.

3.    The legal action filed by this Plaintiff seeks relief for, among other claims, a violation of "federal law" and Title VII and the right to due process and equal protection. Specifically, the plaintiffs allege and claim that in relation to a promotional exam for the position of lieutenant in the Bridgeport Fire Department that the defendants violated the above identified law when it changed the scoring methodology and established a "revised list" after the exam had been noticed. The plaintiffs seek a declaratory judgment that the promotional list generated using the claimed original notice be reinstated; they seek a temporary and

permanent injunctive relief, costs and any other relief that the court deems appropriate in law and equity.

    4.    The United States District Court has original jurisdiction over the Plaintiff's constitutional and federal law based claims pursuant to 28 U.S.C. §1331, as well as the pendent state law claims pursuant to 28 U.S.C. §1367, and the Plaintiff's Complaint is removable to the United States District Court pursuant to the provisions of 28 U.S.C. §§1441(a), 1441(b) and 1443(2). The otherwise non-removable state causes of action alleged by the Plaintiff, having been joined with their claims under federal law, are removable to the District Court pursuant to 28 U.S.C. §1441(c).

    WHEREFORE, the removing parties pray that the above referenced action be removed from the State of Connecticut Superior Court to the United States District Court for the District of Connecticut.

THE DEFENDANTS:

CITY OF BRIDGEPORT, CITY OF
BRIDGEPORTCIVIL SERVICE
COMMISSION, AND
RALPH JACOBS

By:

John R. Mitola
Associate City Attorney
OFFICE OF THE CITY ATTORNEY
999 Broad Street - 2nd Floor
Bridgeport, CT  06604
Tel: #203/576-7647
Fed. Bar #04017

## CERTIFICATION

This is to certify that a copy of this document has been mailed postage
pre-paid on this 29th day of August, 2008, to:

**Plaintiff's Counsel
Richard Albrecht;
David Ball,
Stuart Katz and
Courtney A. George
Cohen and Wolfe, P.C.
1115 Broad Street
Bridgeport, CT 06604**

John R. Mitola

4

*4025850*

| | | |
|---|---|---|
| RETURN DATE:     SEPTEMBER 9, 2008 | : | SUPERIOR COURT |
| | : | |
| TIMOTHY BOTTONE, MATTHEW | : | |
| DEYSENROTH, ROBERTO DIAZ | : | JUDICIAL DISTRICT OF FAIRFIELD |
| MICHAEL J. DONOVAN, STEVEN EARL | : | AT BRIDGEPORT |
| JOSEPH LACHIOMA, ROBERT NOVAK, | : | |
| DAVID PURCELL, MICHAEL RAFFALO, | : | |
| PHILIP REEVES, and TIMOTHY RICHMOND, | : | |
| | : | |
| *Plaintiffs,* | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF BRIDGEPORT, CIVIL SERVICE | : | |
| COMMISSION OF THE CITY OF BRIDGEPORT, | | |
| and RALPH H. JACOBS, | : | |
| | | |
| *Defendants.* | : | AUGUST 19, 2008 |

## APPLICATION FOR
## TEMPORARY INJUNCTION AND ORDER TO SHOW CAUSE

The Plaintiffs in the above-captioned action hereby make application for a Temporary Injunction

in accordance with the prayer for relief set forth in their Verified Complaint and respectfully request that

a temporary injunction be issued: (1) ordering defendants City of Bridgeport, Civil Service Commission

of the City of Bridgeport and Ralph H. Jacobs, Personnel Director of the Civil Service Commission of

the City of Bridgeport (the "Defendants") to: (a) reinstate the promotional list (the "Promotional List")

that issued on or about September 28, 2007 for Competitive Promotional Exam #2230 (Fire Lieutenant)

(the "Exam"); (b) conduct any promotions for the position of Fire Lieutenant in accordance with the

Promotional List; (c) revoke the revised promotional list (the "Revised List") for the Exam that improperly issued on or about July 18, 2008; and (d) revoke any promotions for the position of Fire Lieutenant, including those promotions announced on or about August 8, 2008, that were based on the Revised List for the Exam that issued on or about July 18, 2008; and (2) restraining and enjoining Defendants from re-weighting and re-scoring the Exam using a different methodology than the methodology set forth in the Exam notice (the "Notice") that issued on or about December 18, 2006.

The Plaintiffs further request that Defendants be ordered to appear at an early date to show cause why the Application for Temporary Injunction should not be granted.

THE PLAINTIFFS,

By:_____
Richard L. Albrecht, Esq.
David A. Ball, Esq.
Stuart M. Katz, Esq.
Courtney A. George, Esq.
COHEN AND WOLF, P.C.
1115 Broad Street
Bridgeport, CT 06604
Tele: (203) 368-0211
Fax: (203) 394-9901
Email: ralbrecht@cohenandwolf.com
Email: dball@cohenandwolf.com
Email: skatz@cohenandwolf.com
Email: cgeorge@cohenandwolf.com
Juris No. 10032

A True Copy
Attest _____
Joseph L. A. Fisher, Jr.
Connecticut State Marshal
Fairfield County

2

RETURN DATE:    SEPTEMBER 9, 2008    :    SUPERIOR COURT
                                      :
TIMOTHY BOTTONE, MATTHEW              :
DEYSENROTH, ROBERTO DIAZ             :    JUDICIAL DISTRICT OF FAIRFIELD
MICHAEL J. DONOVAN, STEVEN EARL      :    AT BRIDGEPORT
JOSEPH LACHIOMA, ROBERT NOVAK,       :
DAVID PURCELL, MICHAEL RAFFALO,      :
PHILIP REEVES, and TIMOTHY RICHMOND, :
                                      :
                    *Plaintiffs,*     :
                                      :
v.                                    :
                                      :
CITY OF BRIDGEPORT, CIVIL SERVICE    :
COMMISSION OF THE CITY OF BRIDGEPORT, :
and RALPH H. JACOBS,                 :
                                      :
                    *Defendants.*     :    AUGUST 19, 2008

## ORDER TO SHOW CAUSE

**WHEREAS,** the foregoing Verified Complaint with Application for Temporary Injunction and

Order to Show Cause, duly verified, has been presented to the Court;

**WHEREAS,** upon Application of the Plaintiffs, it appears that an order should be issued

directing the Defendants in this action to appear before the Court to show cause why a Temporary

Injunction should not issue;

**NOW THEREFORE,** it is hereby ORDERED that the Defendants be summoned to appear

before the Superior Court for the Judicial District of Fairfield at Bridgeport, located at 1061 Main Street,

3

Bridgeport, Connecticut, Courtroom _TBA_, on the _8th_ day of _Sept_____, 2008, at _9:30_ o'clock in the _A___.m., then and there to show cause why a temporary injunction should not issue against them as prayed for in the foregoing Verified Complaint and Application. Service in accordance with law on or before _Sept. 2_____, 2008.

Dated at Bridgeport, Connecticut, this _17th_ day of _Aug._____, 2008.

BY THE COURT,

_~~Judge~~ / Clerk_

Attest _____
Joseph L.A. Feiner, Jr.
Connecticut State Marshal
Fairfield County

4

RETURN DATE:    SEPTEMBER 9, 2008          :      SUPERIOR COURT

TIMOTHY BOTTONE, MATTHEW                   :
DEYSENROTH, ROBERTO DIAZ                    :      JUDICIAL DISTRICT OF FAIRFIELD
MICHAEL J. DONOVAN, STEVEN EARL            :      AT BRIDGEPORT
JOSEPH LACHIOMA, ROBERT NOVAK,             :
DAVID PURCELL, MICHAEL RAFFALO,            :
PHILIP REEVES, and TIMOTHY RICHMOND,       :
                                            :
              *Plaintiffs,*                 :
                                            :
v.                                          :
                                            :
CITY OF BRIDGEPORT, CIVIL SERVICE          :
COMMISSION OF THE CITY OF BRIDGEPORT,      :
and RALPH H. JACOBS,                        :
                                            :
              *Defendants.*                 :      AUGUST 19, 2008

## <u>SUMMONS FOR HEARING</u>

**TO ANY PROPER OFFICER:**

By authority of the State of Connecticut, you are hereby commanded to serve a true and attested

copy of the above Application for Temporary Injunction and Order to Show Cause, Order to Show

Cause, Summons for Hearing, Writ, Summons and Verified Complaint, Affidavits of Timothy Bottone,

and Timothy Richmond and proposed Order for Temporary Injunction, upon defendants City of

Bridgeport, 45 Lyons Terrace, Room 204, Bridgeport, Connecticut  06604, Civil Service Commission of

the City of Bridgeport, 45 Lyons Terrace, Room 325, Bridgeport, Connecticut  06604 and Ralph H.

Jacobs, Personnel Director of the Civil Service Commission of the City of Bridgeport, 45 Lyons

Terrace, Room 325, Bridgeport, Connecticut 06604, by serving the same in the manner prescribed by

law, on or before _____Sept. 2_____, 2008.

Hereof, fail not, but do service and return make.


Dated at Bridgeport, Connecticut this 21st day of ____August____, 2008.



_____
STUART A. KATZ
Commissioner of the Superior Court




Attest
Joseph L.A. Felner, Jr.
Connecticut State Marshal
Fairfield County

6

THIS PAGE WAS INTENTIONALLY LEFT BLANK

THIS PAGE WAS INTENTIONALLY LEFT BLANK

RETURN DATE:      SEPTEMBER 9, 2008            :        SUPERIOR COURT
                                                                    :
TIMOTHY BOTTONE, MATTHEW                        :
DEYSENROTH, ROBERTO DIAZ                         :        JUDICIAL DISTRICT OF FAIRFIELD
MICHAEL J. DONOVAN, STEVEN EARL              :        AT BRIDGEPORT
JOSEPH LACHIOMA, ROBERT NOVAK,             :
DAVID PURCELL, MICHAEL RAFFALO,            :
PHILIP REEVES, and TIMOTHY RICHMOND,    :
                                                                    :
                    *Plaintiffs,*                                   :
                                                                    :
v.                                                                  :
                                                                    :
CITY OF BRIDGEPORT, CIVIL SERVICE           :
COMMISSION OF THE CITY OF BRIDGEPORT,
and RALPH H. JACOBS,                                   :
                                                                    :
                    *Defendants.*                                 :        AUGUST 19, 2008


## <u>SUMMONS AND VERIFIED COMPLAINT</u>

**TO ANY PROPER OFFICER:**

BY AUTHORITY OF THE STATE OF CONNECTICUT you are hereby commanded to

summon defendants City of Bridgeport, 45 Lyons Terrace, Room 204, Bridgeport, Connecticut 06604,

Civil Service Commission of the City of Bridgeport, 45 Lyons Terrace, Room 325, Bridgeport,

Connecticut 06604 and Ralph H. Jacobs, Personnel Director of the Civil Service Commission of the City

of Bridgeport, 45 Lyons Terrace, Room 325, Bridgeport, Connecticut 06604, and such appearance

should be made by the defendants or their attorneys, by filing a written notice of appearance with the

9

Clerk of Court, on or before the second day following the return date, then and there to answer to Plaintiffs in a civil action in which plaintiffs complain and say:

**FIRST COUNT**      (**Temporary and Permanent Injunction – As to all defendants**)

1.     Plaintiffs Timothy Bottone, Matthew Deysenroth, Roberto Diaz, Michael J. Donovan, Steven Earl, Joseph LaChioma, Robert Novak, David Purcell, Michael Raffalo, Philip Reeves, and Timothy Richmond (collectively, "Plaintiffs") all are employed by the City of Bridgeport and are candidates for the position of Fire Lieutenant in the City of Bridgeport Fire Department (the "Fire Department").

2.     Defendant City of Bridgeport (the "City") is a municipal corporation, organized under the laws of the State of Connecticut.

3.     Defendant Civil Service Commission of the City of Bridgeport (the "Commission") is empowered, pursuant to the Bridgeport City Charter (the "Charter"), to determine and oversee the classification of competitive employment positions in the classified service, including positions in the Fire Department.

4.     Defendant Ralph H. Jacobs (the "Personnel Director") is the personnel director of the Commission and is empowered, pursuant to the Charter to provide for, formulate and hold competitive tests for employment or promotion to positions in the classified service, including positions in the Fire

10

Department; to establish employment and promotional lists for positions in the classified service, including positions in the Fire Department; and to provide the Commission with the name of the highest ranked person on the employment or promotional list for the position for certification to the appointing authority.

5.     On or about December 18, 2006, Defendants announced Competitive Promotional Examination #2230 (the "Exam") for the position of Fire Lieutenant.  A copy of the notice (the "Notice") announcing the Exam is attached as Exhibit A.

6.     Pursuant to the Notice, the subjects of the Exam were to be weighted according to the following methodology (the "Methodology"): "Written examination, relative weight 50%; Oral examination, relative weight 45%; seniority, relative weight 5%."

7.     Thereafter, the Exam was administered and scored in accordance with the noticed Methodology and a promotional list (the "Promotional List") based on those scores was posted and approved.

8.     Plaintiffs all participated in the Exam and were ranked eligible for promotion to Fire Lieutenant on the resulting Promotional List.

9.     Thereafter, on or about July 17, 2008, the Personnel Director announced a unilateral decision (the "Decision") to re-weight and re-score the Exam using another methodology (the "Revised Methodology") assigning different weights (25% written, 75% oral) to the subjects of the Exam, which

Decision was in direct contravention of the Methodology set forth in the Notice. A copy of the Personnel Director's decision letter (the "Decision Letter"), announcing the Revised Methodology, is attached and incorporated hereto as Exhibit B.

10.     Immediately thereafter, on or about July 18, 2008, Defendants posted a revised promotional list (the "Revised List"), generated using the Revised Methodology, changing the relative ranking of eligible candidates' scores, including Plaintiffs' scores.

11.     On the Revised List, certain Plaintiffs lost priority ranking for promotion and certain Plaintiffs lost eligibility for promotion altogether.

12.     Between July 29, 2008 and August 8, 2008, Plaintiffs each appealed the Decision to the Commission, which appeals have not yet been heard.

13.     On the afternoon of August 8, 2008, notwithstanding Plaintiffs' appeals, Defendants announced fifteen (15) promotions (the "Promotions") from the Revised List, intended to take effect on Sunday, August 10, 2008 at 8:00 a.m.

14.     The announcement and implementation of the Promotions occurred less than one month after Defendants posted the Revised List.

15.     Defendants' actions, including: changing the scoring methodology and establishing the Revised List after the Exam had been noticed, administered and scored and the Promotional List posted and approved; and announcing and implementing Promotions from the Revised List while Plaintiffs'

appeals were pending and less than one month after posting the Revised List, are arbitrary, unreasonable and unlawful in that they:

(a)     are unauthorized by the Civil Service provisions of the Bridgeport City Charter (the "Charter") and threaten the fairness and efficacy of the Civil Service system, which depends on the uniform application of procedures and standards noticed before the testing process begins;

(b)     violate Civil Service mandates that candidates for promotion be appointed based on merit and that examinations be based on valid indicators of whether an applicant possesses the skills and abilities required for the job in question;

(c)     violate Civil Service prohibitions against discrimination and obstruction of any person's right of test;

(d)     violate Civil Service prohibitions against certifications of appointment being made for one month after posting an eligible list; and

(e)     violate state and federal law, including, without limitation, state anti-discrimination law, Title VII and the right to Due Process and Equal Protection.

16.     As a result of Defendants' actions, described above certain Plaintiffs will lose the benefit of priority ranking and/or eligibility for promotion for which they qualified on the Promotional List.

17.     Unless Defendants' illegal and arbitrary actions are restrained, the Plaintiffs will suffer irreparable injury and harm, for which they have no adequate remedy at law.

13

**SECOND COUNT**   (Declaratory Judgment – As to all defendants)

1-16.    Paragraphs 1 through 16 of the First Count are hereby incorporated and realleged as paragraphs 1 through 16 of the Second Count.

17.    There are actual bona fide and substantial questions and issues in dispute between the parties and there is substantial uncertainty of legal relations which requires settlement between the parties.

18.    Declaratory relief from this Court will terminate some or all of said questions and uncertainties and a declaration is necessary as to Plaintiffs' rights and Defendants' duties regarding the claims herein and as a guide to the conduct of the parties with regard to the eligibility and promotion of candidates for the position of Fire Lieutenant based on participation in the Exam.

19.    Plaintiffs are entitled to a declaratory judgment that the Decision, New Methodology and Revised List are without effect and do not establish eligibility for promotion to the position of Fire Lieutenant.

20.    Plaintiffs additionally are entitled to a declaratory judgment that the Promotions are unlawful and without effect.

21.    Plaintiffs further are entitled to a declaratory judgment that Defendants' actions, in changing the scoring methodology and establishing the Revised List after the Exam had been noticed, administered and scored and the Promotional List posted and approved and in announcing and

14

implementing the Promotions from the Revised List less than one month after posting the Revised List were arbitrary, unreasonable and unlawful in that they:

      (a)    are unauthorized by the Civil Service provisions of the Charter and threaten the fairness and efficacy of the Civil Service System, which depends on the uniform application of procedures and standards noticed before the testing process begins;

      (b)    violate Civil Service mandates that candidates for promotion be appointed based on merit and that examinations be based on valid indicators of whether an applicant possesses the skills and abilities required for the job in question;

      (c)    violate Civil Service prohibitions against discrimination and obstruction of any person's right of test; and

      (d)    violate Civil Service prohibitions against certifications of appointment being made for one month after posting an eligible list; and

      (e)    violate state and federal law, including, without limitation, state anti-discrimination law, Title VII and the right to Due Process and Equal Protection.

20.    Plaintiffs also are entitled to a declaratory judgment that the Promotional List generated using the noticed Methodology is reinstated for the period provided for under the Civil Service provisions of the Charter and that any promotions for the position of Fire Lieutenant during that period shall be conducted in accordance with the Promotional List.

**WHEREFORE, the Plaintiffs claim the following relief:**

AS TO COUNT ONE:

      1.     A temporary and permanent injunction ordering Defendants to reinstate the Promotional List;

      2.     A temporary and permanent injunction ordering Defendants to conduct any promotions for the position of Fire Lieutenant in accordance with the Promotional List;

      3.     A temporary and permanent injunction ordering Defendants to revoke the Revised List;

      4.     A temporary and permanent injunction ordering Defendants to revoke any promotions for the position of Fire Lieutenant based on the Revised List, including the Promotions announced on August 8, 2008; and

      5.     A temporary and permanent injunction restraining and enjoining Defendants from re-weighting and re-scoring the Exam using a different methodology than the Methodology set forth in the Notice;

      6.     Costs; and

      7.     Such other and further relief as the Court, in law and equity, may deem appropriate

AS TO COUNT TWO:

1.     A declaratory judgment determining that the Decision, Revised Methodology and Revised List are without effect and do not establish eligibility for promotion to the position of Fire Lieutenant;

2.     A declaratory judgment that the Promotions are unlawful and without effect;

3.     A declaratory judgment determining that Defendants' actions: in changing the scoring methodology and establishing the Revised List after the Exam had been noticed, administered and scored and the Promotional List posted and approved, and in announcing and implementing the Promotions from the Revised List less than one month after posting the Revised List, were arbitrary, unreasonable and unlawful in that they:

    (a)     are unauthorized by the Civil Service provisions of the Charter and threaten the fairness and efficacy of the Civil Service System, which depends on the uniform application of procedures and standards noticed before the testing process begins;

    (b)     violate Civil Service mandates that candidates for promotion be appointed based on merit and that examinations be based on valid indicators of whether an applicant possesses the skills and abilities required for the job in question;

    (c)     violate Civil Service prohibitions against discrimination and obstruction of any person's right of test; and

    (d)     violate Civil Service prohibitions against certifications of appointment being made for one month after posting an eligible list; and

    (e)     violate state and federal law, including, without limitation, state anti-discrimination law, Title VII and the right to Due Process and Equal Protection.

17

4.     A declaratory judgment that the Promotional List generated using the noticed Methodology is reinstated for the period provided for under the Civil Service provisions of the Charter and that any promotions for the position of Fire Lieutenant during that period shall be conducted in accordance with the Promotional List.

5.     Costs; and

6.     Such other and further relief as the Court, in law and equity, may deem appropriate.

18

THE PLAINTIFFS,

By: _____
Richard L. Albrecht, Esq.
David A. Ball, Esq.
Stuart M. Katz, Esq.
Courtney A. George, Esq.
COHEN AND WOLF, P.C.
1115 Broad Street
Bridgeport, CT  06604
Tele: (203) 368-0211
Fax:  (203) 394-9901
Email: ralbrecht@cohenandwolf.com
Email: dball@cohenandwolf.com
Email: skatz@cohenandwolf.com
Email: cgeorge@cohenandwolf.com
Juris No. 10032

A True Copy
Attest
Joseph L.A. Felner, Jr.
Connecticut State Marshal
Fairfield County

19

## VERIFICATION

I hereby affirm under penalties of perjury that the foregoing is true and accurate to the best of my knowledge and belief.

_____
Timothy Richmond

*Subscribed and Sworn to before me,*
*This* __19th__ *day of* __August__ , *2008.*

_____
Terri A. Gagliardi
*Notary Public*
*My Commission Expires:* __8|31|2011__

Attest_____
Joseph L. A. Foiner, Jr.
Connecticut State Marshal
Fairfield County
A True Copy

20

**THIS PAGE INTENTIONALLY LEFT BLANK**

## <u>VERIFICATION</u>

I hereby affirm under penalties of perjury that the foregoing is true and accurate to the best of my

knowledge and belief.

_____
Timothy Bottone

*Subscribed and Sworn to before me,*
*This* 19th *day of* August *, 2008.*

_____
Terri A. Gagliardi
*Notary Public*
*My Commission Expires:* 8|31|2011

Attest
Joseph L. A. Feinen Jr.
Connecticut State Marshal
Fairfield County

A True Copy

22

| | | |
|---|---|---|
| RETURN DATE:     SEPTEMBER 9, 2008 | : | SUPERIOR COURT |
| | : | |
| TIMOTHY BOTTONE, MATTHEW | : | |
| DEYSENROTH, ROBERTO DIAZ | : | JUDICIAL DISTRICT OF FAIRFIELD |
| MICHAEL J. DONOVAN, STEVEN EARL | : | AT BRIDGEPORT |
| JOSEPH LACHIOMA, ROBERT NOVAK, | : | |
| DAVID PURCELL, MICHAEL RAFFALO, | : | |
| PHILIP REEVES, and TIMOTHY RICHMOND, | : | |
| | : | |
| *Plaintiffs,* | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF BRIDGEPORT, CIVIL SERVICE | | |
| COMMISSION OF THE CITY OF BRIDGEPORT, | | |
| and RALPH H. JACOBS, | : | |
| | | |
| *Defendants.* | : | AUGUST 19, 2008 |

## STATEMENT REGARDING AMOUNT IN DEMAND

The plaintiffs claim other relief in addition to or in lieu of money or damages.

23

**THE PLAINTIFFS,**

By: _____

    Richard L. Albrecht, Esq.
    David A. Ball, Esq.
    Stuart M. Katz, Esq.
    Courtney A. George, Esq.
    COHEN AND WOLF, P.C.
    1115 Broad Street
    Bridgeport, CT  06604
    Tele: (203) 368-0211
    Fax:  (203) 394-9901
    Email: ralbrecht@cohenandwolf.com
    Email: dball@cohenandwolf.com
    Email: skatz@cohenandwolf.com
    Email: cgeorge@cohenandwolf.com
    Juris No. 10032

Attest _____
A True Copy
Joseph L. A. Beaner, Jr.
Connecticut State Marshal
Fairfield County

24

| | | |
|---|---|---|
| RETURN DATE:    SEPTEMBER 9, 2008 | : | SUPERIOR COURT |
| | : | |
| TIMOTHY BOTTONE, MATTHEW | : | |
| DEYSENROTH, ROBERTO DIAZ | : | JUDICIAL DISTRICT OF FAIRFIELD |
| MICHAEL J. DONOVAN, STEVEN EARL | : | AT BRIDGEPORT |
| JOSEPH LACHIOMA, ROBERT NOVAK, | : | |
| DAVID PURCELL, MICHAEL RAFFALO, | : | |
| PHILIP REEVES, and TIMOTHY RICHMOND, | : | |
| | : | |
| *Plaintiffs,* | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF BRIDGEPORT, CIVIL SERVICE | : | |
| COMMISSION OF THE CITY OF BRIDGEPORT, | | |
| and RALPH H. JACOBS, | : | |
| | | |
| *Defendants.* | : | AUGUST 19, 2008 |

## ORDER FOR TEMPORARY INJUNCTION

**WHEREAS,** the foregoing Verified Complaint and Application for Temporary Injunction

having been heard; and

**WHEREAS,** irreparable loss or damage will result to plaintiffs unless injunctive relief is

ordered; and

**WHEREAS,** I am of the opinion that a Temporary Injunction should be granted forthwith, good

cause having been shown, and that the Temporary Injunction ought to issue without bond;

**NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

25

Defendants City of Bridgeport, Civil Service Commission of the City of Bridgeport and Ralph H. Jacobs, Personnel Director of the Civil Service Commission of the City of Bridgeport, are ordered to:

1.    Reinstate the Promotional List;

2.    Conduct any promotions for the position of Fire Lieutenant in accordance with the Promotional List;

3.    Revoke the Revised List; and

4.    Revoke any promotions for the position of Fire Lieutenant based on the Revised List, including the Promotions announced on August 8, 2008.

**AND IT IS FURTHER ORDERED THAT** Defendants are temporarily enjoined from the following until further order of this Court:

1.    Re-weighting and re-scoring the Exam using the Revised Methodology or any methodology other than the Methodology set forth in the Notice.

Dated at Bridgeport, Connecticut this _____ day of _____, 2008.

BY THE COURT,

_____
Judge / Clerk

26

RETURN DATE:    SEPTEMBER 9, 2008          :      SUPERIOR COURT

TIMOTHY BOTTONE, MATTHEW          :
DEYSENROTH, ROBERTO DIAZ          :     JUDICIAL DISTRICT OF FAIRFIELD
MICHAEL J. DONOVAN, STEVEN EARL          :     AT BRIDGEPORT
JOSEPH LACHIOMA, ROBERT NOVAK,          :
DAVID PURCELL, MICHAEL RAFFALO,          :
PHILIP REEVES, and TIMOTHY RICHMOND,          :

                 *Plaintiffs,*          :
                                        :
v.                                       :
                                        :
CITY OF BRIDGEPORT, CIVIL SERVICE          :
COMMISSION OF THE CITY OF BRIDGEPORT,
and RALPH H. JACOBS,                    :

                 *Defendants.*          :     AUGUST 19, 2008

## **CERTIFICATION**

The accompanying Application made to me in the above-entitled action and proceeding thereon

having come before me are certified to the Court.

Dated at _____, Connecticut, this _____ day of _____, 2008.

BY THE COURT

_____

27

RETURN DATE:     SEPTEMBER 9, 2008          :          SUPERIOR COURT
                                            :
TIMOTHY BOTTONE, MATTHEW                    :
DEYSENROTH, ROBERTO DIAZ                    :          JUDICIAL DISTRICT OF FAIRFIELD
MICHAEL J. DONOVAN, STEVEN EARL             :          AT BRIDGEPORT
JOSEPH LACHIOMA, ROBERT NOVAK,              :
DAVID PURCELL, MICHAEL RAFFALO,             :
PHILIP REEVES, and TIMOTHY RICHMOND,        :
                                            :
            *Plaintiffs,*                   :
                                            :
v.                                          :
                                            :
CITY OF BRIDGEPORT, CIVIL SERVICE           :
COMMISSION OF THE CITY OF BRIDGEPORT,       :
and RALPH H. JACOBS,                        :
                                            :
            *Defendants.*                   :          AUGUST 19, 2008

## AFFIDAVIT OF TIMOTHY BOTTONE

I, Timothy Bottone, being duly sworn, hereby deposes and says:

1.     I am over the age of eighteen (18) years and believe in the obligations of an oath.

2.     I am a firefighter, employed by the City of Bridgeport, and a participant in Competitive Promotional Examination #2230 (the "Exam") for the position of Fire Lieutenant.

3.     I received notice of the Exam pursuant to a notice of the Civil Service Commission dated December 18, 2006 (the "Notice").

4.      The Notice included Exam criteria and specified that the subjects of examination would be weighted and scored as follows: 50% written, 45% oral, 5% seniority.

5.      I applied for and met the eligibility requirements for participating in the Exam.

6.      I studied and prepared for the Exam in reliance on the criteria, including the scoring methodology, set forth in the Notice.

7.      I participated in the Exam, which was conducted on or about April 7, 2007, April 12, 2007 and April 13, 2007.

8.      On or about September 28, 2007, the Civil Service Commission posted a promotional list (the "Promotional List") for the Fire Lieutenant position, identifying and ranking the Exam participants who were eligible for promotion based on their Exam scores.

9.      I ranked 14th on the Promotional List, with a final Exam score of 83.72, and was eligible for promotion.

10.     Thereafter, by letter dated July 17, 2008, Ralph H. Jacobs, Personnel Director of the Civil Service Commission, announced that the Exam would be rescored, using amended weighting of 25% written, 75% oral (the "Revised Methodology").

11.     On or about July 18, 2008, the Civil Service Commission posted a revised promotional list (the "Revised List") for the Fire Lieutenant position, identifying and ranking Exam participants who were eligible for promotion based on the revised Exam scores.

2

12.     Because of the Defendants' unilateral decision to re-weight and re-score the Exam using different weightings than those set forth in the notice for the Exam, my ranking fell to 20th on the Revised List, with a revised Exam score of 83.09.  While I remained eligible for promotion, I fell six points in rank and lost priority.

13.     On information and belief, other Exam participants who ranked eligible for promotion on the Promotional List also lost priority of rank due to the rescoring of the Exam, including but not limited to Robert Novak, Matthew Deysenroth, Timothy Bottone, David Purcell, Steven Earl, Joseph LaChioma and Roberto Diaz.

14.     On or about July 29, 2008, I filed an appeal with the Civil Service Commission, challenging the decision to rescore the Exam, which appeal has not yet been heard.

15.     Defendants City of Bridgeport, Civil Service Commission of the City of Bridgeport and Ralph H. Jacobs, Personnel Director of the Civil Service Commission of the City of Bridgeport promoted candidates for Fire Lieutenant from the Revised List on August 8, 2008, effective August 10, 2008.

16.     On information and belief, Defendants intend to make additional promotions from the Revised List in the near future.

17.     On information and belief, Defendants' actions are arbitrary, unreasonable and unlawful and I therefore request that their actions be enjoined.

3

IN WITNESS WHEREOF, I have set my hand and seal this 19th day of August 2008.

_____
Timothy Bottone

*Subscribed and Sworn to before me*
*this 19th day of August, 2008.*

_____
Notary Public
My Commission Expires: 8/31/2011

Attest _____
A True Copy
Joseph L. A. Felner, Jr.
Connecticut State Marshal
Fairfield County

4

RETURN DATE:　　SEPTEMBER 9, 2008　　　:　　SUPERIOR COURT
　　　　　　　　　　　　　　　　　　　　　　:
TIMOTHY BOTTONE, MATTHEW　　　　　　　　:
DEYSENROTH, ROBERTO DIAZ　　　　　　　:　　JUDICIAL DISTRICT OF FAIRFIELD
MICHAEL J. DONOVAN, STEVEN EARL　　:　　AT BRIDGEPORT
JOSEPH LACHIOMA, ROBERT NOVAK,　　　:
DAVID PURCELL, MICHAEL RAFFALO,　　:
PHILIP REEVES, and TIMOTHY RICHMOND,　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　*Plaintiffs,*　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
v.　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
CITY OF BRIDGEPORT, CIVIL SERVICE　　:
COMMISSION OF THE CITY OF BRIDGEPORT,
and RALPH H. JACOBS,　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　*Defendants.*　　　　　　　:　　AUGUST 19, 2008

## <u>AFFIDAVIT OF TIMOTHY RICHMOND</u>

I, Timothy Richmond, being duly sworn, hereby deposes and says:

1.　　　I am over the age of eighteen (18) years and believe in the obligations of an oath.

2.　　　I am a firefighter, employed by the City of Bridgeport, and a participant in Competitive

Promotional Examination #2230 (the "Exam") for the position of Fire Lieutenant.

3.　　　I received notice of the Exam pursuant to a notice of the Civil Service Commission dated

December 18, 2006 (the "Notice").

4.     The Notice included Exam criteria and specified that the subjects of examination would be weighted and scored as follows: 50% written, 45% oral, 5% seniority.

5.     I applied for and met the eligibility requirements for participating in the Exam.

6.     I studied and prepared for the Exam in reliance on the criteria, including the scoring methodology, set forth in the Notice.

7.     I participated in the Exam, which was conducted on or about April 7, 2007, April 12, 2007 and April 13, 2007.

8.     On or about September 28, 2007, the Civil Service Commission posted a promotional list (the "Promotional List") for the Fire Lieutenant position, identifying and ranking the Exam participants who were eligible for promotion based on their Exam scores.

9.     I ranked 29th on the Promotional List, with a final Exam score of 78.63, and was eligible for promotion.

10.    Thereafter, by letter dated July 17, 2008, Ralph H. Jacobs, Personnel Director of the Civil Service Commission, announced that the Exam would be rescored, using amended weighting of 25% written, 75% oral.

11.    On or about July 18, 2008, the Civil Service Commission posted a revised promotional list (the "Revised List") for the Fire Lieutenant position, identifying and ranking Exam participants who were eligible for promotion based on the revised Exam scores.

2

12.    Because of the Defendants' unilateral decision to re-weight and re-score the Exam using different weightings than those set forth in the notice for the Exam, I did not qualify as eligible for promotion on the Revised List and was not ranked.

13.    On information and belief, other Exam participants who ranked eligible for promotion on the Promotional List also lost eligibility for promotion due to the rescoring of the Exam, including but not limited to: Robert Novak, Matthew Deysenroth, Timothy Bottone, David Purcell, Steven Earl, Joseph LaChioma and Roberto Diaz.

14.    On or about July 29, 2008, I filed an appeal with the Civil Service Commission, challenging the decision to rescore the Exam, which appeal has not yet been heard.

15.    Defendants City of Bridgeport, Civil Service Commission of the City of Bridgeport and Ralph H. Jacobs, Personnel Director of the Civil Service Commission of the City of Bridgeport promoted candidates for Fire Lieutenant from the Revised List on August 8, 2008, effective August 10, 2008.

16.    On information and belief, Defendants intend to make additional promotions from the Revised List in the near future.

17.    On information and belief, Defendants' actions are arbitrary, unreasonable and unlawful and I therefore request that their actions be enjoined.

IN WITNESS WHEREOF, I have set my hand and seal this 19th day of August 2008.

_____
Timothy Richmond

*Subscribed and Sworn to before me*
*this 19th day of August, 2008.*

_____
Notary Public
My Commission Expires: 8 31 2011

4

Attest _____
Joseph L.A. Weiner, Jr.
Connecticut State Marshal
Fairfield County

Exhibit A

Competitive Promotional Examination #2230
Fire Lieutenant
Date Issued: December 18, 2006

## NOTICE

The Civil Service Commission of the City of Bridgeport will hold a competitive promotional examination for **Fire Lieutenant**, at a time and location to be announced at a later date.

APPLICATIONS:    Each candidate must complete an application form supplied by the Commission and file it at the office of the Commission. Application forms, to be accepted, must be delivered personally, or bear a postmark, not later than **January 18, 2007.**

SALARY RANGE:    $51,376 - $53,093; appointments to be made at the minimum entrance salary of $51,376 a year. Advancements within the salary range may be made in accordance with the terms of the contract between the City of Bridgeport and Bridgeport Fire Fighters, Local 834, AFL-CIO.

DUTIES:    Technical and supervisory fire fighting work of ordinary difficulty and responsibility, involving direct command of an engine, truck or rescue company during an assigned tour of duty; related work as required; performed under technical direction.

REQUIREMENTS:    This examination is open to Fire Fighters, Pumper Engineers and Fire Equipment Mechanics who meet the following requirements: three years of satisfactory experience as a Civil Service, City of Bridgeport, Firefighter, Pumper Engineer or Fire Equipment Mechanic preceding January 4, 2005\*; working knowledge of modern firefighting apparatus and methods of firefighting; good knowledge of the rules and regulations of the Fire Department and the laws and ordinances relating to fire prevention; good knowledge of the geography of the City of Bridgeport; knowledge and appreciation of the responsibilities and problems of command; skill in prescribed hose, ladder and apparatus practices; ability to recognize fire hazards; ability to size up situations and people and to get along well with others, to direct them in their work and to get them to work effectively; ability to prepare reports; industry, resourcefulness and good judgment.

SUBJECTS OF EXAMINATION:    Written examination, relative weight 50%; Oral examination, relative weight 45%; seniority, relative weight 5%. Candidate will be required to pass a qualifying service rating in order to be placed on the employment list.

EXAMINATION REVIEW PROCEDURE: Each candidate will have an opportunity to review his or her examination during the one-month period after the date of announced results. The papers will be open to inspection during the period from 9:00 A.M., to 1:00 P.M., Monday through Friday(excluding holidays). Every inspection period will be monitored by the staff of the Civil Service Office, and no candidate will be allowed to copy examination questions or take any written material from the review room. The time allowed for review will be equal to the time allowed for taking the test. No candidate will be allowed more than two visits to review his or her papers.

\* Walker vs. Jankura - First vacancy after the expiration of the last Lieutenant employment list was Craig Kelly.                          –

CIVIL SERVICE COMMISSION, 45 Lyon Terrace, City Hall, Room 325
Bridgeport, Connecticut 06604
An Equal Opportunity Employer M/F

Exhibit B

P. 1



*CITY OF BRIDGEPORT, CONNECTICUT*
# CIVIL SERVICE COMMISSION
CITY HALL * 45 LYON TERRACE * BRIDGEPORT, CONNECTICUT 06604-4023 * (203) 576-7103 * Fax 576-7102

July 17, 2008

Commissioners
LEONOR GUEDES
President

RALPH H. JACOBS
Personnel Director

ROSA J. CORREA
RICHARD P. RODGERS
T. WALTER PLUMMER
VALERIE LEAS-SORRENTINO

Dear Fire Lieutenant Candidate:

After the results of all appeals by candidates to the Civil Service Commission were compiled and the testing scores were appropriately revised, a calculation was run to determine if the results of the examination would pass the constitutional test for disparate impact as provided for in the Equal Employment Opportunity Commission's "Uniform Employee Selection Guidelines", otherwise known as the 4/5ths rule. The Fire Lieutenant exam failed the 4/5ths rule for both African Americans and Hispanic candidates. The success rate for African American and Hispanic candidates was considerably less than 4/5th of the success rate for white candidates. Since at most 36 candidates are likely to be promoted from this civil service list over the course of its 2 year life span, the 4/5th rule calculations were conducted on the first 36 candidates on the list.

EEO law requires that if a valid examination has a disparate impact and there is a way to reduce the disparate impact without destroying the validity of the exam, then it is necessary for City to reduce the disparate impact. The City has reviewed the exam for validity, and has sought an alternative method of using the exam results that would reduce the disparate impact, while still preserving the validity of the exam. The current weighting of .5 for the written and .45 for the oral were used in order to comply with previous agreements that the City had with the Firefighter's Union. However, that weighting methodology now needs to be modified in an effort to comply with the City's obligations under federal law to correct or reduce the disparate impact that the current exam results have on African Americans and Hispanics.

In order to reduce the disparate impact and sustain the validity of the exam, the examiner has determined that a weighting of .70 for the oral and .25 for the written portions of the exam is justified and therefore, these weights have been used to rescore the exam. By amending the weighting to .75 for the oral and .15 for the written, the City meets its obligations under federal law by reducing the adverse impact on African American and Hispanic candidates. At the same time this re-weighting makes the weighting consistent with the job analysis done for this examination. Of course the .05 weight for seniority is added to the results for those who pass the examination.

Throwing out the exam or using the exam with current weightings are not viable options. Changing the weighting to be consistent with the job analysis and federal law is the proper choice open to the City and the candidates as a group. This is so because it avoids throwing out a valid examination, reasonably reduces the adverse impact on African Americans and Hispanic Americans, sustains the quality of the exam consistent with the job analysis, and meets the City's obligations under federal law.

Sincerely,

Ralph H. Jacobs
Personnel Director
Bridgeport Civil Service Commission

I'd